UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
E2E LOGISTICS CONSULTING, INC.,                                    Case no. :
                              Plaintiff,

            -against-

                                                                   **COMPLAINT**

EXEL GLOBAL LOGISTICS, INC.,
AIR EXPRESS INTERNATIONAL USA, INC.,
RADIX GROUP INTERNATIONAL, INC.,
DANZAS CORPORATION, all d/b/a
DHL GLOBAL FORWARDING
GOVERNMENT OF EGYPT, and                                           DEMAND FOR JURY TRIAL
RADIANT TECHNOLOGIES, INC,
                              Defendants.

--------------------------------------------------------------------X

        E2E Logistics Consulting, Inc., (hereinafter "e2e" or "the Plaintiff"), by and through its

undersigned attorneys, Jacobson & Falcon, LLP, as and for its Complaint against Exel Global

Logistics, Inc. (hereinafter "Defendant Exel"), Air Express International USA, Inc. (hereinafter

"Defendant Air Express"), Radix Group International, Inc. (hereinafter "Defendant Radix"),

Danzas Corporation (hereinafter "Defendant Danzas"), all d/b/a "DHL Global Forwarding"

(collectively "Defendant DHL Global"), the Government of Egypt (hereinafter "Defendant

Egypt") and Radiant Technologies (hereinafter "Defendant Radiant"), collectively "Defendants"

allege, upon knowledge to itself and upon information and belief as to all other matters, as

follows:

                              **NATURE OF ACTION**

1.  This civil action for breach of contract and copyright infringement against Defendants

    arises out of, inter alia, Defendants' willful and intentional breach of the contract;

    specifically, Defendants have failed to pay the funds due and owing to Plaintiff for certain

consulting and technical services rendered by the Plaintiff for the benefit of the

Defendants. Further, As Defendants have failed to pay the Plaintiff the funds due and

owing, the Defendants' license to utilize the Plaintiff's software is ineffective, and

Defendnats' continued use of Plaintiff's software constitutes copyright infringement

under New York State and Federal Law.

2. Plaintiff is entitled to all legal, equitable, injunctive and/or financial relief, as requested

herein, including but not limited to the recovery of damages, costs and attorneys' fees.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1330,

§1331 and §1332, and §1338(a) and (b). This Court has supplemental jurisdiction over

the remaining state law claims pursuant to 28 U.S.C. §1367.

4. Upon information and belief, this Court has personal jurisdiction over all Defendants

because: (1) Defendant Exel is a corporation organized and existing under the laws of the

state of New York (2) Defendant Air Express is a corporation organized and existing

under the laws of the state of Ohio, duly registered to do business in the State of New

York; (3) Defendant Radix is a corporation organized and existing under the laws of the

state of Ohio, duly registered to do business in the State of New York; (4) Defendant

Danzas is a corporation organized and existing under the laws of Ohio duly registered to

do business in the State of New York; (5) Defendant Egypt is a foreign state as defined in

28 U.S.C. §1330(a); (6) Defendant Radiant is a corporation organized and existing under

the laws of the state of California, which corporation has had significant ties and contacts

with New York ; (7) Defendants utilized the services of the Plaintiff in New York,

knowing that Plaintiff was and is a corporation organized and existing under the laws and

state of New York; (8) Defendants or their subsidiaries conduct business with corporations of the State of New York on a regular basis; (9) Defendants solicit, transact, and/or otherwise do business in the State of New York; (10) all Defendants expect or reasonably should expect their conduct to have consequences in the State of New York.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 (b) and (c) in that Defendants transact business in this judicial district, and/or a substantial part of the events giving rise to Plaintiff's causes of action occurred in this District.

## PARTIES

6. Plaintiff e2e Logistics Consulting, Inc. is a corporation duly organized and existing under the laws of the State of New York, duly authorized and registered to conduct business in the State of New York, and has its principal place of business at 445 Broad Hollow Road, Suite LL42, Melville, New York 11742.

7. Upon information and belief, Defendant Exel is a corporation duly organized and existing under the laws of the State of New York, duly authorized and registered to conduct business in the state of New York, and has its principal place of business at 111 Eighth Avenue, New York, NY 10011.

8. Upon information and belief, Defendant Air Express is a corporation duly organized and existing under the laws of the State of Ohio, duly authorized and registered to conduct business in the state of New York, and has its principal place of business at 111 Eighth Avenue, New York, NY 10011.

9. Upon information and belief, Defendant Radix is a corporation duly organized and existing under the laws of the State of Ohio, duly authorized and registered to conduct business in the state of New York, and has its principal place of business at 111 Eighth

Avenue, New York, NY 10011.

10. Upon information and belief, Defendant Danzas is a corporation duly organized and existing under the laws of the State of Ohio, duly authorized and registered to conduct business in the state of New York, and has its principal place of business at 1200 So Pine Island Rd, Ste 600, Plantation, FL 33324.

11. Upon information and belief, Defendant Egypt is a foreign state, duly authorized and registered to conduct business in the United States and State of New York.

12. Upon information and belief, Defendant Radiant is a corporation duly organized and existing under the laws of the State of California, and has its principal place of business at 6160 Lusk Blvd, C200, San Diego, CA 92121.

## FACTS COMMON TO ALL COUNTS

13. Plaintiff provides logistic computer software, material management & logistics, import and export systems and programming support for a variety of businesses, specializing in international trade.

14. Defendant DHL provides exporting systems and support for Defendant Egypt's military supply chain.

15. Further, Defendant DHL contacted Plaintiff to rework the then-current export system between Defendant DHL and Defendant Egypt, called: "Egyptian Military Warehouse ("EMW")".

16. On or about December 2, 2008, Plaintiff, along with Defendant DHL and Defendant Egypt signed an Egyptian Military Order, Scope of Work & Agreement for Egyptian Military Warehouse System (the "Contract"). A true and correct copy of the Contract is attached as **Exhibit A** hereto. The terms of the Contract are very specific with regards to

the scope of work.

17. Throughout the process, Plaintiff worked closely with agents from both Defendant DHL and Defendant Egypt. See Exhibit A.

18. Pursuant to the contract, Plaintiff was to analyze and re-write the EMW previously in place to make it more efficient and meet all the requirements of the parties.

19. All billing was to be completed at the end of each month based on the tasks which were done during that previous month, as proposed in the Contract.

20. Pursuant to the said Contract, Plaintiff rendered services to Defendants and duly issued invoices reflecting the same. Defendants partially paid Plaintiff.

21. After the first round of the process was completed with the specifications listed in the Contract, Plaintiff delivered the system to Defendant DHL and Defendant Egypt. It was not until this time that Defendant DHL informed Plaintiff that they want the program requirements/coding rewritten and changed.

22. The abovementioned further requirements were not in the original scope of the contract, and would therefore be considered "outside the scope" work.

23. On or about December 2009, Plaintiff completed the re-writing of EMW pursuant to all agreed upon terms in the Contract and delivered it to Defendant DHL and Defendant Egypt for final approval in preparation for implementation.

24. Plaintiff, Defendant DHL and Defendant Egypt collectively agreed to expand the scope of the contract to meet the new requirements required by Defendant DHL and Defendant Egypt. Defendant DHL and Defendant Egypt agreed to compensate Plaintiff for the outside of scope work.

25. Further and pursuant to the agreed upon terms, Plaintiff requested payment from

Defendants for the increased work completed due to Defendant Egypt's new requirements.

26. On or around February 2, 2012, Plaintiff delivered the last code to Defendant DHL and Defendant Egypt and the project was considered finalized, except for the reoccurring monthly maintenance fee.

27. Pursuant to the original contract, monthly maintenance would be 15% of the total amount ($59,730.00) per annum, for three (3) years, billed in 12 monthly installments of $1,659.19. All further billings would be done at the end of each month based on the tasks which were done during that previous month. See Exhibit A. To date, Defendants have not paid Plaintiff for monthly maintenance.

28. On or around August 2011, Defendant Radiant took over for Defendant DHL, including, but not limited to, taking over responsibility for all prior and future payments to Plaintiff.

29. Between September 2011 and November 2011, Defendant DHL paid Plaintiff the sum of four thousand nine hundred twenty six dollars and fifty cents ($4,926.50)

30. Apart from the $4,926.50 paid to Plaintiff by Defendant Radiant, Defendants have not paid Plaintiff for the amount owed from the work completed outside the scope, totaling two hundred five thousand dollars one hundred twenty nine dollars and seventy one cents ($205,129.71).

31. Further, Defendants have not paid maintenance fees since December 2011, totaling thirteen thousand two hundred seventy three dollars and thirty six cents ($13,273.36).

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 27 as if fully set forth herein.

33. The Contract and modifications constitutes a valid and binding contract upon all parties to the instant action.

34. Defendants have breached the Contract by failing to make timely and proper payments in accordance with the terms of the Contract.

35. Plaintiff has performed its obligations due Defendants under the terms of the Contract.

36. As a result of the aforesaid breach, Plaintiff has been damaged in the sum of two hundred eighteen thousand four hundred three dollars and seven cents ($218,403.07).

37. Further, Plaintiff has been forced to retain an attorney to collect the monies rightfully due and owing to Plaintiff and therefore, pursuant to the terms of the contract, should be compensated for that cost.

## AS AND FOR A SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

38. Plaintiff repeats, realleges and reasserts each and every allegation contained in paragraphs 1 through 37 as if fully set forth herein.

39. Certain services, to wit, the creation of the EMW program, were performed by the Plaintiff for the benefit of the Defendants. These services were performed at the expense of Plaintiff.

40. Defendants have failed to make payment in exchange for those services and were unjustly enriched thereby.

41. Defendants have no defense to their actions and were fully aware of the benefits incurring to Defendants at the expense of Plaintiff.

42. Plaintiff has been damages in the amount of two hundred eighteen thousand four hundred three dollars and seven cents ($218,403.07).

## AS AND FOR A THIRD CAUSE OF ACTION
## QUANTUM MERUIT

43. Plaintiff repeats, realleges and reasserts each and every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

44. Plaintiff did perform services for the benefit of Defendants in good faith.

45. Defendants accepted the services, never asking Plaintiff not to perform or objecting to the quality of work produced.

46. Plaintiff reasonably expected compensation for those services, which were beyond the scope of the original Contract.

47. The reasonable value of the services provided by Plaintiff is two hundred eighteen thousand four hundred three dollars and seven cents ($218,403.07).

## AS AND FOR A FOURTH CAUSE OF ACTION
## ACCOUNT STATED

48. Plaintiff repeats, realleges and reasserts each and every allegation contained in paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiff sent invoices to Defendant reflecting a balance due and owing of two hundred eighteen thousand four hundred three dollars and seven cents ($218,403.07).

50. Defendant did not object to the amount stated on the invoices.

51. Defendant has not in fact paid the sum due on the invoices.

52. Defendant is liable to Plaintiff in the sum of two hundred eighteen thousand four hundred three dollars and seven cents ($218,403.07).

## AS AND FOR A FIFTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT

53. Plaintiff repeats, re-alleges and reasserts each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

54. Plaintiff is and always has been the sole owner of the copyright in Plaintiff's software.

55. Defendants directly infringed Plaintiff's copyrights and exclusive rights in and relating to Plaintiff's software, under copyright law, by upon information and belief, using, selling, licensing and/or otherwise exploiting the Plaintiff's software without the Plaintiff's authorization or consent, all in violation of the Copyright Act, 17 U.S.C. §106, 115 and 501.

56. Defendants' infringement of Plaintiff's rights in and to Plaintiff's software components constitute a separate and distinct act of infringement.

57. The foregoing acts of infringement by Defendants have been willful, intentional, purposeful and with complete disregard to Plaintiff's rights in and to Plaintiff's software.

58. As a direct and proximate result of the Defendants' copyright infringement, Plaintiff has suffered and will continue to suffer severe injuries and damages and is entitled to actual damages and Defendants' gross revenue and/or profits derived by the Defendants that are attributable to Defendants' direct infringement of Plaintiff's rights in the software pursuant to 17 U.S.C. §504(b). Plaintiff may also elect to be awarded statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c) and/or attorneys' fees pursuant to 17 U.S.C. §505.

59. Plaintiff's exact amount of actual damages cannot be computed in terms of dollars. Instead, Defendants' copyright infringement of Plaintiff's software, a currently confidential and unique application for logistics, must be immediately enjoined by the Court in order to avoid irreparable harm to the Plaintiff.

## AS AND FOR A SIXTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

60. Plaintiff repeats, re-alleges and re-asserts each and every allegation contained in

paragraph 1 through 59 as if fully set forth herein.

61. Upon information and belief, Defendants willfully, knowingly and intentionally induced, caused, encouraged and/or assisted one another to use, sell, license and/or otherwise exploit Plaintiff's software even though Defendants knew that they did not have authorization or consent to do so.

62. Through their conduct, Defendants engaged in the business of knowingly inducing, causing, encouraging, assisting and/or materially contributing to the above described acts concerning exploitation of Plaintiff's software under copyright law.

63. The foregoing acts of Defendants have been willful, intentional and purposeful.

64. The foregoing acts of Defendants constitute contributory infringement of Plaintiff's copyrights and exclusive rights in and relating to Plaintiff's software, under copyright law in violation of the Copyright Act, 17 U.S.C. §§ 106, 115 and 501.

65. As a direct and proximate result of the contributory infringement by the Defendants, Plaintiff is entitled to its actual damages and the gross revenue and/or profits derived by Defendants pursuant to 17 U.S.C. §504(b).  Plaintiff may also elect to be awarded statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c) and/or attorneys' fees pursuant to 17 U.S.C. §505.

66. Plaintiff's exact amount of actual damages cannot be computed in terms of dollars. Instead, Defendants' copyright infringement of Plaintiff's software, a currently confidential and unique application for logistics, must be immediately enjoined by the Court in order to avoid irreparable harm to the Plaintiff.

## THE NECESSITY OF INJUNCTIVE RELIEF

67. Plaintiff repeats, re-alleges, and re-asserts each and every allegation contained in

paragraphs 1 through 66 as though fully set forth herein.

68. As a result of Defendants' acts as detailed herein, the confidentiality and exclusivity of Plaintiff's rights in its software has been, or will be, irreparably diminished and/or harmed.

69. Plaintiff's software constitutes a unique and original application capable of performing the logistics functions for which it has been designed, and as a result, is extremely valuable to Plaintiff's business.

70. Upon information and belief, Defendants intend to use, commercialize, sell, license and/or otherwise exploit Plaintiff's software without Plaintiff's authorization and consent.

71. If Defendants actually use, commercialize, sell, license and/or otherwise exploit Plaintiff's software, Plaintiff's competitors may have access to this technology and may ultimately exploit it thereby causing Plaintiff irreparable harm.

72. Based on the facts presented herein, Plaintiff is likely to succeed on the merits of its claim for breach of contract and direct and contributory copyright infringement.

73. If Defendants are not enjoined from using, selling, commercializing, licensing and/or otherwise exploiting Plaintiff's software, Plaintiff's business will be significantly harmed.

74. Therefore this Court should permanently enjoin Defendants from using, selling, commercializing, licensing and/or otherwise exploiting Plaintiff's software, in any form or fashion, to any subsidiary, third party or the general public.


**WHEREFORE**, Plaintiff prays to the Court for an order/judgment against the Defendants, jointly and severally:

A. Awarding Plaintiff its expectation, actual and/or compensatory damages suffered as a

result of Defendants' intentional breach of the parties' Contract in an amount to be determined at trial, but in no event less than two hundred eighteen thousand four hundred three dollars and seven cents ($218,403.07);

B. Permanently enjoining Defendants, and their agents, servants, employees and representatives from using, selling, commercializing, licensing and/or otherwise exploiting Plaintiff's software;

C. Directing Defendants to immediately return to Plaintiff all copies of Plaintiff's software, and to delete same from any computer systems or other form of recordation or storage maintained by Plaintiff;

D. Awarding Plaintiff any and all gross revenue and/or profits derived by Defendants that are attributable to Defendants' direct and/or contributory infringement of Plaintiff's software in an amount to be determined at trial;

E. Awarding Plaintiff, at its election, and to the extent permitted by law, the maximum amount of statutory damages against Defendants for each work infringed and for each act of infringement in an amount to be determined at trial;

F. Awarding Plaintiff's reasonable attorneys' fees, costs and expenses relating to this action; and

G. Awarding such other and further relief as to this Court may seem just, proper and equitable.


Dated: New York, New York
      November 7, 2014

                                Respectfully Submitted,

                                  JACOBSON & FALCON LLP

By: Kenneth J. Falcon
Attorneys for Plaintiff
31 East 32nd Street
Fourth Floor
New York, NY  10016
T:  (212) 203-3255

DEMAND FOR JURY TRIAL

    Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: New York, New York
       November 7, 2014

Respectfully Submitted,

JACOBSON & FALCON LLP
By: Kenneth J. Falcon
Attorneys for Plaintiff
31 East 32nd Street
Fourth Floor
New York, NY  10016
T:  (212) 203-3255